In re the Petition for DISCIPLINARY ACTION AGAINST Donald K. RORVIG, an Attorney at Law of the State of Minnesota.

No. C4–91–1440.

Supreme Court of Minnesota.

June 9, 1993.

### AMENDED ORDER

On August 8, 1991, the Director of the Office of Lawyers Professional Responsibility filed a petition with this Court alleg-

ing that the respondent Donald K. Rorvig had committed professional misconduct warranting public discipline. In the petition, the Director alleges that, in May 1991, respondent pleaded guilty to two counts of felony mail fraud and interstate transportation of stolen monies in violation of Title 18, United States Code, §§ 1341 and 2314. Specifically, the Director alleges that respondent, as claims staff counsel for a large insurance company, misappropriated more than $56,000 from the insurance company by submitting false claims. In his answer to the Director's petition, respondent admitted the allegations contained in the petition, but affirmatively alleged that at all times relevant to these proceedings, he suffered from, and continues to suffer from, serious psychological disabilities. During the pendency of these proceedings, respondent's criminal conduct also was the subject of disciplinary proceedings in the State of North Dakota.

After the petition had been filed, and after the North Dakota Supreme Court issued its January 1993 order suspending respondent from the practice of law for 3 years, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. The parties reiterated in the stipulation that respondent unconditionally admitted all of the allegations of the petition and informed the court that respondent has been diagnosed as suffering from bi-polar and obsessive/compulsive disorders. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 3-year suspension.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That, effective immediately, the respondent, Donald K. Rorvig, hereby is indefinitely suspended from the practice of law, pursuant to Rule 15, Rules on Lawyers Professional Responsibility, with no right to petition for reinstatement for a period of 3 years.

2. That the reinstatement hearing provided for in Rule 18, Rules on Lawyers Professional Responsibility, is not waived and respondent shall not be permitted to petition for reinstatement until he has done the following:

a. Paid costs in the amount of $750 plus interest, pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.

b. Complied with Rule 26, Rules on Lawyers Professional Responsibility.

c. Successfully completed the professional responsibility portion of the bar examination, pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

d. Satisfactorily complied with the continuing legal education requirements set out by this court in Rule 18(e), Rules on Lawyers Professional Responsibility.

e. Made full restitution to American Family Insurance Company in the amount found to have been misappropriated by the North Dakota Supreme Court, unless the debt is compromised by mutual consent of the parties or the debt is terminated by order of the United States District Court, Case No. C3-90-65-01.

f. Provided medical and psychological evidence demonstrating that he is competent and capable of resuming the practice of law.

3. That, if and when respondent is reinstated, respondent shall be placed on supervised probation for a period of 5 years.